UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JUNUS ROCHETTE,

                Plaintiff,

v.

STATE OF IDAHO, including its courts, agencies, officers, and subdivisions,

                Defendants.

Case No. 2:25-cv-00190-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Junus Rochette's Application for Leave to Proceed In Forma Pauperis. Dkt. 1. Under 28 U.S.C. § 1915, the Court must review Rochette's application to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013).

The Court must also undertake an initial review of Rochette's Complaint to ensure the minimum standards have been met and that the Court has jurisdiction over the proceedings. *See* 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court DENIES Rochette's application to proceed in forma pauperis and DISMISSES his complaint as frivolous and lacking legal foundation.

## II. BACKGROUND

In the fall of 2024, Olga-Albertovna Yagudina and Junus Rochette McGraw[1] filed numerous lawsuits in federal court. *See* Case Nos. 2:24-cv-487-DCN, 2:24-cv-488-DCN, 2:24-cv-515-AKB, 2:24-cv-519-AKB, 2:24-cv-525-AKB, 2:24-cv-565-AKB. All were summarily dismissed for jurisdictional reasons.

In sum, it appeared various financial institutions had undertaken legal proceedings in Idaho and Washington state court against Yagudina and McGraw because they had failed to meet their financial obligations and debts. Yagudina and McGraw then "removed" those pending state court lawsuits to federal court. After those cases were dismissed, McGraw appealed (or filed motions to reconsider). All such efforts were denied or dismissed.

McGraw then tried in February to, once again, remove various state court proceedings to federal court, alleging civil rights violations. Judge Brailsford summarily dismissed that suit. Case No. 2:25-cv-93-AKB, Dkt. 5.

Rochette then filed the instant suit as a separate and distinct civil rights action against the state of Idaho and various actors claiming state officials are acting "without lawful jurisdiction" against him. *See generally* Dkt. 1.

## III. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees

---

[1] Junus refers to himself in various filings as "Junus Rochette McGraw," "Junus Rochette," and "Junus McGraw"—sometimes with hyphens between various parts of his name. The Court understands these various monikers to identify the same individual.

MEMORANDUM DECISION AND ORDER - 2

or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, an applicant must submit an affidavit that includes a statement of all assets they possess which indicates they are unable to pay the fee required. The affidavit is sufficient if it states that the applicants, because of their poverty, cannot "pay or give security for the costs" and still be able to provide for themselves and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Rochette disclosed minimal financial information in his Application for Leave to Proceed in Forma Pauperis. Dkt. 1. He claims to receive $1,149 per month in social security disability benefits, but he did not outline any expenses or other assets. Dkt. 1, at 1–2. Without a more accurate picture of his financial situation, the Court cannot grant Rochette's Motion to Proceed in Forma Pauperis.[2]

## IV. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted;

---

[2] The Court notes that Rochette filed various financial statements as part of his prior lawsuits. Some of those statements disclosed more income and expenses than what is reflected in the current filings.

or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The litigant cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se litigants the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, litigants—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, litigants should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Rochette's Complaint does not allege any cognizable causes of action. Citing the United States Constitution, the Federalist Papers, and the All Writs Act—among other things—Rochette claims the State of Idaho and/or its agents are engaged in a conspiracy against him, and the federal district court should intervene, issue a temporary restraining order, and "immediately prohibit[] the State of Idaho or any of its agents from initiating, continuing or enforcing any legal or administrative proceeding [against him]." Dkt. 2, at 3.

As this Court explained in its prior decisions regarding Yagudina and Rochette's efforts to "remove" pending state court proceedings to federal court, *and* as Judge Brailsford recently explained, Rochette misunderstands the Court's jurisdiction.

MEMORANDUM DECISION AND ORDER - 4

Specifically in this context, the Court will not intervene and stop ongoing state court proceedings. Under the *Younger* abstention doctrine, the Court cannot intervene in state court matters except in extremely limited circumstances, none of which appear present here. *See Younger v. Harris*, 401 U.S. 37, 46 (1971). For this reason, Rochette's complaint fails to state a cause of action and must be dismissed at the outset.

## V. CONCLUSION

The Court normally allows a party an opportunity to amend when it dismisses a complaint for failure to state a plausible cause of action. However, by the Court's count, this is Rochette's eighth case related to the same issues. The Court will, therefore, allow no amendment.

## VI. ORDER

1. Rochette's Application to Proceed in Forma Pauperis (Dkt. 1) is **DENIED** for lack of specificity. [3]

2. Rochette's Complaint (Dkt. 2) is **DISMISSED with PREJUDICE** for failure to state a claim.

3. This case is **CLOSED**.

DATED: July 24, 2025

David C. Nye
Chief U.S. District Court Judge

---

[3] Although the Court is denying Rochette's application to proceed in forma pauperis, it will not require the actual filing fee because it is dismissing the entire case.